

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1139
Re: Departmental Appropriation Bill of
Forty-sixth Legislature - discussing
"assigned duties" - transfer of em-
ployees - payment of traveling ex-
pense from contingent fund.

We are in receipt of your letter of July 19, 1939, in which you present the following questions to this department for an opinion:

1. "Please advise this department whether the Comptroller will be authorized to issue warrant in payment of a salary for an employee as a day librarian, upon an appropriation for a night librarian.

2. "In this connection I respectfully request your advice as to whether a department head has the authority under this appropriation to transfer an employee from one desk in the department to another.

3. "It might be of some advantage to this department in administering this Act for you to give a legal definition of the term, "assigned duties."

4. "Upon examination of this bill you will note there is no itemized appropriation to pay traveling expense under the Text Book Division of the appropriation made for the State Department of Education. I will thank you to advise whether the employees of the Text Book Division may be reimbursed for traveling expense out of the Contingent Expense appropriation for the Text Book Division."

One of the riders on Senate Bill No. 427, Acts of the

Forty-sixth Legislature, the departmental appropriation bill, provides as follows:

"Salary Payments. No salary for which an appropriation is made herein shall be paid to any person unless such person actually discharges assigned duties. Every month the head of each department shall attach to the payroll for his department an affidavit, under oath, stating that the persons listed in said payroll actually performed the duties for which they were being paid. The Comptroller shall not issue warrants for the payment of salaries listed on said payroll unless this affidavit is filed with him. Each department head shall number consecutively the salaries positions in his department for which an appropriation is made herein (either out of the General Revenue Fund, fees, receipts, special funds, or out of other funds available for use by said department) and opposite the number of the position, he shall set out the title of the position and the name of the person employed to fill the same. This statement shall be filed with the Comptroller, who shall, when issuing his warrant to any employee in payment of salary due said employee, number the warrant with the same number that is assigned to the position filled by said employee. Every department head shall notify the Comptroller in writing of any changes in personnel in his department. This provision shall not apply to seasonal help, and shall not prevent persons drawing their salary warrants during authorized vacation periods."

The following rider appeared in the departmental appropriation bill of the Forty-fifth Legislature, General Laws, 1937, page 1491, but was omitted from Senate Bill No. 427, Acts of Forty-sixth Legislature:

"Transfer of Employees: It shall be the duty of the head of any department to transfer an employee of his office to any desk or place within the department when

necessary to perform the duties of the
department, and for the proper dispatch
of business."

The omission of the authorization for transfer of em-
ployees in the present appropriation bill, and additional and
more detailed restrictions upon the expenditure of the moneys
appropriated therein, definitely indicate a change in policy
on the part of the Legislature.  In general the present bill
contains itemized appropriations for each department and em-
ployee in the department, and does not authorize the transfer
of persons employed for one purpose under the appropriation
bill to perform wholly different and unrelated duties.  On the
contrary, the bill requires the department head to list and
number each individual employee, except seasonal help, and make
affidavit  "that the person listed in said payroll actually per-
formed the duties for which they were being paid".  When the
Legislature has set aside $900.00 to pay a person to perform
the duties of a night librarian, it is obvious that the de-
partment head could not make an affidavit that a person em-
ployed to perform wholly the duties of a day librarian had
actually performed the duties for which he was being paid.

The same considerations apply to the transfer of an em-
ployee from one desk to another.  If, for example, the bill so
authorizes, and a person is employed as a Field Inspector, and
draws pay under a specific appropriation for a Field Inspector,
he could not be transferred to perform wholly the duties of a
Senior Accountant while being paid as a Field Inspector, and
thus by indirection, in fact, have two Senior Accountants where
only one is provided for in the appropriation bill.  Clearly the
affidavit would be false if it stated the employee actually per-
formed the duties for which he was being paid.  This, of course,
would not prevent the transfer of an employee within the depart-
ment where a bona fide transfer is made, and the employee is
to be paid under the item of appropriation corresponding to his
new employment.

The term "assigned duties" refers to those duties ordi-
narily and properly discharged by persons employed in the ca-
pacities authorized under the title assigned to the employment
in the itemized appropriation.  For example, it is well recog-
nized that a certain class of work is ordinarily performed by
stenographers while the natural duties incident to a person
bearing the title of "Porter" under the appropriation would be
entirely different.  The detailed duties of each individual may
properly be designated and assigned, however, by the department
head or someone under  his direction, but, in general, they
should be of the nature contemplated by the item of appropriation
under which payment is to be made.  The above quoted rider on

salary payments does not prohibit a person employed in one
capacity from performing any other service or duty, but it re-
quires that he actually perform the duties for which he is paid.
If he performs the duties for which he is being paid, and is
able, in addition thereto, to assist with other necessary ac-
tivities of the department, we find nothing in the bill which
would prevent the department head from so directing. It is
common knowledge that the volume of work on various desks in
the different departments fluctuates from time to time, and
we do not think it was the intention of the Legislature to pro-
hibit the head of a department from directing an employee to
perform additional duties or assist with other work where the
circumstances require. This is a situation to which the rule
of reason must be applied.

With reference to payment of traveling expense from the
appropriation for the Text Book Division of the Department of
Education, we note that no specific appropriation is made for
traveling expense. You request an opinion as to whether such
expense may be paid from the following item of appropriation:

> "For Years Ending
> August 31     August 31
> 1940          1941

### MAINTENANCE & MISCELLANEOUS

> 1. Office and depository sup-
>    plies, postage, express,
>    drayage, telephone, tele-
>    graph, printing, station-
>    ery, rent, <u>contingent ex-
>    pense</u>, including freight
>    on used text books . . . .$25,000.00   $25,000.00"

Following the appropriation for this division of the
Department of Education, is the following provision:

> "This appropriation shall be as above
> provided, and no other salary or expenditure
> shall be paid for any purpose other than
> those itemized herein."

The following paragraph appears as a rider to the depart-
mental appropriation bill:

> "Traveling Expenses. (a) It is provided
> that <u>no expenditure shall be made for travel-
> ing expenses by any department of this State
> in excess of the amount of money itemized herein</u>

for said purpose. This provision shall be applicable whether the item for traveling expenses is to be paid out of the appropriation from the General Fund, from fees, receipts or special funds collected by virtue of certain laws of this State, or from other funds (exclusive of Federal funds) available for use by a department."

Traveling expense is an item of expense which was reasonably within the contemplation of the Legislature as evidenced by the fact that Senate Bill No. 427 repeatedly makes specific provision therefor. This is equally true of the various divisions of the Department of Education where with few exceptions specific provision is made for travel expense for each division. The fact that such provision was not made for the text book division is significant.

In view of the express provision of the above quoted riders, we do not find it necessary to determine what ordinarily may or may not be paid out of an appropriation for contingent expense.

It is our opinion that the Comptroller is not authorized to issue warrants in payment of a salary for any person employed as a day librarian from a specific appropriation for a night librarian. The answer to your first question is, therefore, in the negative.

As we understand your second and third questions, they do not require a categorical answer and we trust that our above discussion of these questions will serve as a satisfactory answer. If you desire an additional answer, we shall be glad to advise you further upon request.

It is our opinion that your fourth question should be answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

CCC:FG:wc

APPROVED JUL 31, 1939
s/W.F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

By s/Cecil C. Cammack
   Cecil C. Cammack
   Assistant

Approved Opinion Committee By_RWF_Chairman